```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X
```
RIGUERSON AVRIL,

                    21-CV-3747

                    ***AMENDED COMPLAINT***

—Against—                JURY TRIAL DEMANDED

DENIS MCDONOUGH,
*Secretary, United States Department of Veteran's Affairs,*

                    Defendant
```
────────────────────────────────────────X
```
Riguerson Avril, by the Law Offices of Ambrose Wotorson, alleges as follows:

**I.**    <u>**INTRODUCTION**</u>

1. This is an action to vindicate Plaintiff's rights under the Federal Tort Claims Act.

2. Plaintiff, a veteran of the United States Army, who served from March 17, 2000 until May 23, 2003 when he was generally discharged under honorable conditions, alleges that an employee of the Department of Veteran's Affairs, Christina Ngom, was able to access his confidential medical, psychological and psychiatric file, because of lapses in the Department of Veteran's Affair's security, before using those records for malicious purposes, all in violation of the Federal Tort Claims Act.

**II.**   <u>**PARTIES**</u>

3. Plaintiff Riguerson Avril, at all relevant times, has been a veteran of the United States Army, having serving March 17, 2000 until May 23, 2003 when he was generally discharged under honorable conditions.

4. Riguerson Avril resides in Queens County, New York.

5. The United States Department of Veteran's Affairs is responsible for the well-being of all former United States military personnel, including, but not limited to their medical, psychological and psychiatric well-being. The United States Department of Veteran's Affairs may sue be sued, through its Secretary, Denis McDonough.

6. Defendant's headquarter is located at 810 Vermont Avenue, NW, Washington D.C. 20420

### III. **JURISDICTION**

7. This Court has jurisdiction over this matter under, 28 U.S.C. § 1346(b)(1). and this action is being brought within 6 Months of the United Stated Department of Veteran's Affairs final agency action, upon Plaintiff's Federal Tort Claims Act Notice of Claim, rendered on or about May 15, 2021. (See Attached) (See also, 28 U.S.C. Section 2675(a)).

8. Venue is proper because the acts complained of occurred in this judicial district, and Plaintiff resides herein.

### IV. **FACTUAL AVERMENTS**

9. Riguerson Avril re-alleges all of the prior paragraphs above, as if fully-stated.

10. Plaintiff is a United States Army veteran, having served from March 17, 2000 until May 23, 2003, when he was generally discharged under honorable conditions.

11. On or about August 6, 2020 at about 8:30 p.m. the New York City Sheriff's Department attempted to personally serve a restraining order, <u>Ngom v. Riguerson Avril</u>, Family Court of the State of New York, County of Queens, O-06577-20, upon Plaintiff where Plaintiff resided with two of Plaintiff's children and his partner, Katherine Dela Cruz.

12. The Restraining Order was on behalf Christina Ngom, who was seeking to have the state order that Plaintiff have no further contact with her, even though, upon information and belief, Ngom was stationed outside of the United States in South Korea.

13. However, at all relevant times, Ngom was an employee the Department of Veterans Affairs, as an Officer-In-Charge at the Veterans' Benefits Administration.

14. Plaintiff was not home at the time that the Sheriff's Department attempted to serve the Restraining Order upon Plaintiff, however one of the officers, Cedric Allison, the following day, emailed a copy of the Order to Katherine Dela Cruz, Plaintiff's partner with whom Plaintiff has two children with.

15. The Restraining Order contained information about Plaintiff's mental health status that Plaintiff had not disclosed to anybody other than Dr. Ahis Malkin-Ingogila, a psychologist, and Dr. Alla Prehogan, a psychiatrist , both of whom Plaintiff have been employed and/or contracted with the U.S. Department of Veteran's Affairs.

16. Christina Ngom could not have had detailed information about Plaintiff's mental health issues and status, but for her being able to access Plaintiff's confidential medical, psychological and psychiatric file at the Department of Veterans Affairs, where she works, as an Officer-In-Charge at the Veterans' Benefits Administration.

17. Plaintiff made two Sensitive Patient Access Report requests in August 2020 to the Department of Veterans Affairs, 800 Poly Place, Brooklyn, NY 11209, specifically, though Privacy/FOIA Officer Chrissie Palividas, and Plaintiff was given the aforementioned access dates information.

18. Plaintiff learned through his Sensitive Patient Access Report requests, that Christina Ngom was able to access Plaintiff's Veteran's medical, psychological and psychiatric file during in the scope of her duty as an Officer-In-Charge at the Veterans' Benefits Administration.

19. Indeed, written responses to Plaintiff's Sensitive Patient Access Report requests revealed that Christina Ngom accessed Plaintiff's confidential medical, psychological and psychiatric file, during the scope of her employment as an Officer-In-Charge at the Veterans' Benefits Administration on the following dates:

- June 18, 2020
- June 10, 2020
- June 7, 2020
- May 30, 2020
- May 20, 2020
- May 14, 2020
- May 12, 2020
- May 6, 2020
- April 30, 2020
- April 24, 2020
- April 19, 2020
- April 17, 2020
- December 13, 2019
- January 16, 2019
- January 10, 2019
- January 7, 2019
- January 3, 2019
- January 2, 2019
- May 11, 2018

- April 30, 2015

- April 30, 2015

20. Ngom was able to access Plaintiff's confidential medical, psychological and psychiatric file because of a well-known and unaddressed privacy and security lapse in the VBA/VA databases.

21. As of November 2020, when Plaintiff first filed a Notice of Claim with the U.S. Department of Veteran's Affairs under the Federal Tort Claims Act, there was an unaddressed security lapse when accessing a Veteran's/patient's information in VA's computerized patient records system (CPRS).

22. Indeed, a security prompt would pop up informing the user that the requested records were restricted, and but would then warn that, "Accessing this patient is tracked, and your station Security Officer will contact you for justification. Do you want to continue processing this patient record?" All the user had to do is type in "Yes," and they would have unfettered access to a patient's medical, psychological and psychiatric medical file.

23. While there was a security system in place wherein a Security Officer would be expected to contact a user for access justification, that procedure is plainly insufficient to prevent breaches.

24. As a direct result of the Department's negligence and failure to address the aforementioned security lapse, Christina Ngom has had access to sensitive medical, psychological and psychiatric information relating to Plaintiff within the scope pf her duty as an Officer-In-Charge at the Veterans' Benefits Administration and Ngom has used such information maliciously, and against Plaintiff for tactical advantage against Plaintiff in the aforementioned civil Order of Protection case.

25. Disclosure of Plaintiff's sensitive medical, psychological and psychiatric information has also resulted in Plaintiff's partner, Katherine Dela Cruz leaving the family home with their two children, claiming that she is fearful for her life and those of their children because of the information contained in Plaintiff's VA medical, psychological and psychiatric records disclosed in the Ngom's Order of Protection.

26. Cathine Dela Cruz left the family home, with their two children on or about September 26, 2020, citing the Restraining Order and the disclosure of Plaintiff's mental health status contained therein.

27. Katherine Dela Cruz was unaware of Plaintiff's mental health status at all times prior to her receipt a copy of Ngom's Order of Protection, via email, on August 7, 2020.

28. Moreover, Plaintiff is presently fearful of what other harm Ngom could do to Plaintiff and Plaintiff's family, and his reputation, with the sensitive medical, psychological and psychiatric information she possesses.

29. This is also having an extremely deleterious impact upon Plaintiff's mental health.

30. As a result of defendant's acts and omissions, Riguerson Avril has suffered humiliation and mental anguish

31. Riguerson Avril's good name and reputation has been damaged as a proximate result of defendant's acts and omissions.

32. Riguerson Avril has a not been able to mitigate these damages despite good faith efforts.

33. **CAUSE OF ACTION – Federal Tort Claims Act**

34. Riguerson Avril re-alleges all of the prior paragraphs above, as if fully-stated.

35. The United States Department of Veteran's Affair's through its Secretary, Dennis McDonough, and through its common law negligence maintenance of confidential

medical, psychological and psychiatric files, allowed one of its employees, Chistina Ngom, to access Plaintiff's confidential medical, psychological and psychiatric files, during the scope of her duty, and to disclose them and to use them for malicious purposes, in violation of the New York State Law, See N.Y. Public Health Law Sections 2803-C, 2803-g, and N.Y. Mental Health Law 33.13 (c)(1) and even federal law, See 5 U.S.C. Section 552a(b). These disclosures are all made actionable by 28 U.S.C. § 1346(b)(1).

**WHEREFORE,** Plaintiff prays that this Court grant judgment to him/her containing the following relief:

a. An impaneled jury;

b. An award of damages for humiliation, mental pain and suffering.

c. The costs of this action and Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      July 2, 2021

Respectfully Submitted

_____
***Ambrose W. Wotorson, Jr., Esq.***
Law Offices of Ambrose Wotorson
225 Broadway, 41st Floor
New York, New York 10007
212-884-5985
Loaww1650@aol.com